# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DOUGLAS STALLEY,

      Plaintiff,

v.                                                    Case No: 6:14-cv-1074-Orl-28DAB

ALLSTATE INSURANCE COMPANY
and ALLSTATE INDEMNITY
COMPANY,

      Defendants.

## ORDER

This case is before the Court following additional briefing by the parties on several issues discussed during the final pretrial conference held on May 20, 2016.

### I. Evidence of the Details of the Fee Arrangement Between Plaintiff and His Attorneys

The Court ruled at the May 20, 2016 pretrial conference that evidence of an agreement for an enhanced fee between Plaintiff and his attorneys is relevant and admissible at trial but that the amounts and percentages involved are not admissible. Upon reconsideration, the Court will not preclude evidence regarding the monetary amounts and percentages involved in a standard fee agreement or an enhanced fee agreement.

### II. Evidence of Retention of Bad Faith Counsel

At the pretrial conference, the Court reserved ruling on the issue of whether Plaintiff will be permitted at trial to present evidence of Allstate's hiring of bad faith counsel in December 2009. The Court will allow such evidence. However, Plaintiff may not refer to the law firm by name but instead, as suggested by Defendant, may present testimony to

the effect that "a law firm with a known specialty in insurance bad faith litigation" was retained by Allstate in December 2009. (See Doc. 146 at 6). Similarly, the name of the Swope Rodante firm will be redacted from Plaintiff's fee petition if it is presented as evidence, and the Swope Rodante firm will not be referred to by name in connection with the fee petition evidence or with regard to Plaintiff's retention of bad faith counsel.

**III.    Propriety of a Jury Instruction on "the Powell Presumption"**

Plaintiff proposes a jury instruction providing: "In deciding whether the Allstate Companies could have settled the claim of Mr. Hintz within its policy limits, any question about the possible outcome of a settlement effort that the Allstate Companies should have made but did not, should be resolved in favor of Mr. Hintz." (Doc. 121-6 at 5). Plaintiff relies on Powell v. Prudential Prop. & Cas. Ins. Co., 584 So. 2d 12, 14 (Fla. 3d DCA 1981) in support of this proposed instruction.

Having considered the parties' filings and arguments on this issue, the Court will not give this instruction. A more detailed order explaining the Court's reasoning will be issued at a later date.

**DONE** and **ORDERED** in Orlando, Florida, on May 26, 2016.

---
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

2